IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD D. WALLACE,

        Plaintiff,                    No. CIV S-10-2963 EFB P

    vs.

VINCENT S. CULLEN, et al.,

        Defendants.            ORDER

_____/

       Richard D. Wallace, an inmate confined at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II.   Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

In the complaint, plaintiff claims he is being denied due process and equal protection of the law because of the California Department of Corrections and Rehabilitation's policy governing plaintiff's parole. Plaintiff does not allege what the policy is or how it violates his rights. However, plaintiff claims he is constantly "violated" and forced against his will to adhere to special conditions of parole that no longer apply to him. Plaintiff does not allege what parole conditions are being applied to him or how they violate his rights.

Plaintiff also alleges that he was denied probation by the Solano County Superior Court. It is not clear if the denial of probation resulted in his current incarceration. Plaintiff asks to be released on parole and for four million dollars in monetary damages and seven million dollars in punitive damages. However, plaintiff does not allege any injury.

Plaintiff also requests that the Solano County Adult Probation Department pay for plaintiff's current and future medical expenses. Plaintiff does not identify any medical needs or allege why the Solano County Adult Probation Department should be held responsible for his medical costs.

Rule 8 of the Federal Rules of Civil Procedure requires the pleader to set forth his averments in a simple, concise, and direct manner. Because of plaintiff's vague and conclusory allegations, the court is unable to ascertain the precise conduct he challenges, against which defendant(s), and on what legal bases. In reviewing plaintiff's complaint, the court is required to guess who is being sued for what. If the pleading were served in its present form it would not give defendants fair notice of the claims against them and their best guess about the nature of plaintiff's complaint may be quite different than the court's. Plaintiff names Vincent Cullen, Bruce Jones, Michael Amaro and Deputy Commissioner Newman as defendants. As to Jones and Amaro, plaintiff alleges only that they were involved in the processing of plaintiff's inmate appeals, which is not a proper basis for a section 1983 claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate

constitutional entitlement to a specific prison grievance system).  Plaintiff otherwise fails to allege how any of these defendants were personally involved in violating his rights.  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Since plaintiff does not state sufficient factual allegations, he cannot proceed against defendants unless he cures these deficiencies in an amended complaint.

Moreover, it is unclear whether plaintiff is challenging his conditions of confinement, and if so, whether he is challenging conditions at San Quentin State Prison, where he is currently confined, or somewhere else.  Because plaintiff challenges a denial of probation and asks to be released on parole, it appears that he may be challenging the fact of conviction or the length of his confinement.  A challenge in federal court to the fact of conviction or the length of confinement must generally be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A civil rights action, on the other hand, is appropriate for challenges to the conditions of an inmate's confinement.  *Id.* at 499.  Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing to *Heck*, 512 U.S. 477).  To the extent petitioner challenges his conviction or sentence, he must do so in a habeas action, rather than a civil rights action.

If plaintiff wishes to challenge his conditions of confinement, he must file an amended complaint.  Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

////

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

5

1    The allegations must be short and plain, simple and direct and describe the relief plaintiff
2 seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*
3 *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,
4 including many defendants with unexplained, tenuous or implausible connection to the alleged
5 constitutional injury or joining a series of unrelated claims against many defendants very likely
6 will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing
7 plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of
8 these instructions.

9    Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended
10 complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his
11 allegations and that for violation of this rule the court may impose sanctions sufficient to deter
12 repetition by plaintiff or others.  Fed. R. Civ. P. 11.

13    A prisoner may bring no § 1983 action until he has exhausted such administrative
14 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
15 *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his
16 claims are warranted by existing law, including the law that he exhaust administrative remedies,
17 and that for violation of this rule plaintiff risks dismissal of his entire action

18    Accordingly, the court hereby orders that:

19    1. Plaintiff's request to proceed in forma pauperis is granted.

20    2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
21 accordance with the notice to the Director of the California Department of Corrections and
22 Rehabilitation filed concurrently herewith.

23    3. The complaint is dismissed with leave to amend within 30 days.  The amended
24 complaint must bear the docket number assigned to this case and be titled "First Amended
25 Complaint."  Failure to comply with this order will result in a recommendation that this action be
26 ////

6

1 dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will
2 proceed with service of process by the United States Marshal.
3 Dated: March 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE