IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD D. WALLACE,

      Plaintiff,                      No. CIV S-10-2963 GEB EFB P

vs.

VINCENT S. CULLEN,

      Defendant.                  ORDER

_____/

      Plaintiff, a state prisoner, proceeds pro se and in forma pauperis in a civil rights action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

      Pursuant to § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

1

1    In the court's initial screening order, the court informed plaintiff that any amended
2 complaint must comply with certain requirements. Dckt. No. 10. The amended complaint fails
3 to comply with those requirements, and will therefore be dismissed with leave to amend.

4    Contrary to the court's instructions, the amended complaint does not contain a caption
5 including the names of all parties. In any second amended complaint, plaintiff must identity who
6 he intends to name as defendants in this action. Plaintiff must also include factual allegations
7 showing how each defendant was personally involved in violating his federal rights. And, as
8 plaintiff is aware, he must sign his complaint. The amended complaint is not signed.
9 Accordingly, the amended complaint will be dismissed. Any second amended complaint must
10 cure the deficiencies identified above and adhere to the following requirements:

11    Any amended complaint shall identify each defendant in both the caption and the body of
12 the amended complaint, and clearly set forth the allegations against each such defendant.
13 Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include
14 "a short and plain statement of the claim" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2).

15    Any amended complaint must be complete in itself without reference to any prior
16 pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once
17 plaintiff files an amended complaint, the original pleading is superseded.

18    It must show that the federal court has jurisdiction and that plaintiff's action is brought in
19 the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must
20 contain a request for particular relief. Plaintiff must identify as a defendant only persons who
21 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
22 *Johnson*, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a
23 constitutional right if he does an act, participates in another's act or omits to perform an act he is
24 legally required to do that causes the alleged deprivation).

25 ////
26 ////

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is also hereby reminded that it is his responsibility to allege facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 129 S. Ct. at 1948. Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

Accordingly, it is hereby ORDERED that:

1. The amended complaint is dismissed.

2. The Clerk is directed to send plaintiff a form for filing a civil rights action under 42 U.S.C. § 1983.

////
////
////
////

3. Any amended complaint must be filed within 30 days. It must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: October 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE